# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHERI LUNN,<br><br>           Plaintiff,<br><br>    v.<br><br>ELI LILLY AND COMPANY,<br><br>           Defendant. | CIVIL ACTION No. |

**NOTICE OF FILING COPIES OF STATE COURT PAPERS SERVED ON
DEFENDANT ELI LILLY AND COMPANY**

Pursuant to 28 U.S.C. § 1446, defendant Eli Lilly and Company hereby files copies of all process, pleadings and orders in Superior Court Civil Action No. 06-000552 with which it was served as of the morning of August 24, 2006.

Respectfully submitted,

ELI LILLY AND COMPANY

_____
Lawrence H. Martin, D.C. Bar # 476639
Foley Hoag LLP
1875 K Street, NW, Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

and

James J. Dillon, D.C. Bar # 485593
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: August 24, 2006

## CERTIFICATE OF SERVICE

      I certify that on August 24, 2006, a true copy of the foregoing Notice of Filing State Court Papers was served by U.S. First Class Mail, postage prepaid, upon:

Aaron M. Levine, Esq.
Aaron M. Levine & Associates, P.A.
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
**Attorney for Plaintiff**

_____
Betty Marroquin

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

SHERI LUNN
8963 Skyrock Court
Columbia, MD 21046

    Plaintiff,

v.

Civil Action No.

ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN 46285
w/s/o NATIONAL REGISTERED AGENTS, INC.
1090 Vermont Avenue, NW, #910
Washington, DC 20005

    Defendant.



FILED
CIVIL ACTIONS BRANCH
AUG 1 0 2006
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

## COMPLAINT
(DES Litigation – Products Liability, Punitive Damages)

1. Jurisdiction is founded upon 11 D.C. Code §921 (2001 ed.).

2. Defendant is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and is doing business in the District of Columbia. The Defendant met with and conspired with numerous pharmaceutical manufacturers in the District of Columbia, prior to obtaining governmental approval for Diethylstilbestrol ("DES"). Defendant spearheaded industry-wide conferences in the District of Columbia to seek approval of DES by Joint Submission, withholding from the Food and Drug Administration reports questioning the efficacy of DES and studies raising serious questions of safety. These meetings, conferences and agreements occurred in the District of Columbia.



## COUNT I
(Negligence)

3. On or about 1959 and 1960, during her pregnancy with Plaintiff Sheri Lunn, the mother of the Plaintiff herein, bought and ingested DES in Maryland. Her physician prescribed

said drug during the pregnancy. The drug was manufactured and sold by Defendant Eli Lilly and Company.

4. As a result of Plaintiff's embryonic exposure to DES, she suffered injuries, including, but not limited to uterine and cervical malformations, with resulting infertility, miscarriages, failure to carry a child to term, incurred medical expenses for care and treatment, suffered physical and mental pain, and was deprived of the family she desired.

5. Said injuries were the result of the negligence of Defendant, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to heed and report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability)

6. All of the allegations contained in Count I are realleged and incorporated herein by reference.

7. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

8. Defendant is engaged, or has been engaged, in the business of producing DES, and is, or has been, a commercial manufacturer of said drug.

9. Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendant's possession.

10. Said product was defective when placed on the market by Defendant. DES was sold by Defendant without sufficient warning or instructions. A reasonable seller would not

have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

11. Defendant knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's extensive advertising campaigns proclaiming the safety and efficacy of DES.

12. As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

13. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant is strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

### COUNT III
### (Breach of Warranty)

14. All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

15. At all times relevant to this action, Defendant marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

16. Defendant knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendant's skills and judgments, and the implied and express warranties and representations.

17. At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

18. As a direct result of the breach of warranties by the Defendant, Plaintiff has been injured as aforesaid.

## COUNT IV
### (Misrepresentation)

19. All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

20. Defendant represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

21. The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendant's representations in his advice about purchase, use, and consumption of DES.

22. At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

23. As a direct result of said false representations by Defendant, Plaintiff was injured as aforesaid.

## COUNT V
### (Punitive Damages)

24. The acts of the Defendant were gross, wanton and intentional in that Defendant, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the

placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendant knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendant knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendant intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendant fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiff by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

**WHEREFORE**, Plaintiff Sheri Lunn demands judgment against Defendant in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages and the sum of Two Million Dollars ($2,000,000.00) as punitive damages, jointly and severally, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

_____
Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

_____
Brandon J. Levine, #412130

_____
Renee L. Robinson-Meyer, #455375

_____
Steven J. Lewis, #472564

Counsel for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues of material facts.

_____
Aaron M. Levine

**A TRUE COPY
TEST:**

Clerk, Superior Court of the
District of Columbia

By _____
Deputy Clerk

6

_____
Renee L. Robinson-Meyer, #455375

_____
Steven J. Lewis, #472564

Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues of material facts.

_____
Aaron M. Levine

6

_____
Brandon J. Levine, #412130



Close | Open | Save | Print | Search | FullScr | Custdy | Parties | Image | Sumry | Tickler | Events | Track | Report
Labels | Docket | Notes | System | Calc | ImgLnk | Re-Order | View | Dkt ID | Options | Doc

2006 CA 006118 B          LUNN, SHERI    Vs.   ELI LILLY AND COMPANY          MR

**Search Criteria**
 Docket Entry                               Begin Date              SortDescending
 Images        All Dockets                  End Date
 Participant
 Display Option Exclude Non Display Dockets

**Search Results**

| Docket Date | Reference | Description | Amt Owed/ Amt Dism/Credit | Amount Due |
|---|---|---|---|---|
| 8/11/2006 | | Issue Date: 08/11/2006<br>Service: Summons Issued<br>Method: Service Issued<br>Cost Per: $<br><br>ELI LILLY AND COMPANY<br>1090 VERMONT AVENUE NW #910<br>WASHINGTON, DC  20005<br>Tracking No: 5000021083 | | |
| 8/10/2006 | | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 11/17/2006    Time: 9:30 am<br>Judge: ROSS, MAURICE    Location: Courtroom B-52 | | |
| 8/10/2006 | | Complaint for Personal Injury Filed<br>Receipt: 46878  Date: 08/10/2006 | 120.00 | |

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

SHERI LUNN

*Plaintiff*

VS.

ELI LILLY AND COMPANY

*Defendant*

Civil Action No. [ ]

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Aaron M. Levine
Name of Plaintiff's Attorney

1320 19th St., NW, Suite 500
Address
Washington, DC 20036

(202) 833-8040
Telephone

By _____
Deputy Clerk

Date   AUG 1 0 2006

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93       NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

# Superior Court of the District of Columbia
CIVIL DIVISION — CIVIL ACTIONS BRANCH

## INFORMATION SHEET

SHERI LUNN
vs.
ELI LILLY & COMPANY

Case Number: _____
Date: 07/24/06

Name: Aaron M. Levine, Esq.
Firm Name: Aaron M. Levine and Associates
Telephone No.: (202) 833-8040
Unified Bar No.: 7864

Relationship to Lawsuit
◉ Attorney for Plaintiff
○ Self (Pro Se)
Other: _____

TYPE OF CASE:  ○ Non-Jury    ◉ 6 Person Jury    ○ 12 Person Jury

Demand: $ 4,000,000.00    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No. _____  Judge _____  Calendar # _____
Case No. _____  Judge _____  Calendar # _____

NATURE OF SUIT:  (Check One Box Only)

| A. CONTRACTS | | |
|---|---|---|
| ☐ 01 Breach of Contract | ☐ 07 Personal Property | **COLLECTION CASES** |
| ☐ 02 Breach of Warranty | ☐ 09 Real Property-Real Estate | ☐ 14 Under $25,000 Pltf. Grants Consent |
| ☐ 06 Negotiable Instrument | ☐ 12 Specific Performance | ☐ 16 Under $25,000 Consent Denied |
| ☐ 15 Other: | | ☐ 17 OVER $25,000 |

| B. PROPERTY TORTS | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | ☐ 06 Other: |
| ☐ 07 Shoplifting, D.C. Code § 3441 | | |

| C. PERSONAL TORTS | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 09 Harassment | ☑ 17 Personal Injury |
| ☐ 02 Alienation of Affection | ☐ 10 Invasion of Privacy | ☐ 18 Wrongful Death |
| ☐ 03 Assault and Battery | ☐ 11 Libel and Slander | ☐ 19 Wrongful Eviction |
| ☐ 04 Automobile | ☐ 12 Malicious Interference | ☐ 20 Other: |
| ☐ 05 Deceit (Misrepresentation) | ☐ 13 Malicious Prosecution | ☐ 21 Asbestos |
| ☐ 06 False Accusation | ☐ 14 Malpractice Legal | ☐ 22 Toxic/Mass Torts |
| ☐ 07 False Arrest | ☐ 15 Malpractice Medical | |
| ☐ 08 Fraud | ☐ 16 Negligence | |